# United States District Court

### EASTERN DISTRICT OF CALIFORNIA



FILED
JUN 22 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

UNITED STATES OF AMERICA

v.

**ERIC RAY HERNANDEZ**
    Defendant

**ORDER SETTING CONDITIONS
OF RELEASE**

Case Number: *1:10–cr-00249-AWI*

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

(2) The defendant shall immediately advice the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. **The defendant shall next appear at U.S. District Court, 2500 Tulare Street, 8th Floor, Courtroom 2 before Chief Judge Anthony W. Ishii on June 28, 2010 at 9:00 am.**

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(✔) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

COPY:   DEFENDANT        U.S. ATTORNEY        U.S. MARSHAL        PRETRIAL SERVICES

HERNANDEZ, Eric Ray      ADDITIONAL CONDITIONS OF RELEASE
10-0249 AWI

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )     (6)     The defendant is placed in the custody of:

Name of person or organization

who agrees (a) to supervise the defendant in accordance with all conditions of release,
(b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

SIGNED: _____
**CUSTODIAN OR PROXY**

(X)     (7)     The defendant shall:
- ( )    (a)    maintain or actively seek employment, and provide proof thereof to the PSO upon request.
- ( )    (b)    maintain or commence an educational program.
- (X)    (c)    abide by the following restrictions on his personal associations, place of abode, or travel: Reside at a residence approved by Pretrial Services, and not move or be absent from this residence for more than 24 hrs. without prior approval of PSO; travel restricted to the Eastern District of California, unless otherwise approved in advance by PSO.
- (X)    (d)    avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses: Evelyn Brigget Sanchez, unless in the presence of counsel or otherwise approved in advance by the PSO.
- (X)    (e)    report on a regular basis to the following agency: Pretrial Services and comply with their rules and regulations.
- ( )    (f)    comply with the following curfew:
- ( )    (g)    refrain from possessing a firearm, destructive device, or other dangerous weapon.
- ( )    (h)    refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 USC §802 unless prescribed by a licensed medical practitioner.
- ( )    (i)    undergo medical or psychiatric treatment and/or remain in an institution, as follows: Including treatment for drug and/or alcohol dependency, and pay for costs as approved by the PSO.
- (X)    (j)    executed a bond or an agreement to forfeit upon failing to appear or failure to abide by any of the conditions of release, the following sum of money or designated property: $50,000 property bond secured by equity in property owned by Elizabeth Foster.
- ( )    (k)    post with the court the following indicia or ownership of the above-described property, or the following amount or percentage of the above-described money:
- (X)    (l)    not drive a motor vehicle unless properly licensed and insured.
- (X)    (m)    resolve all outstanding traffic matter, and provide proof thereof as directed by the Pretrial Services Officer.
- ( )    (n)    surrender any passport to the Clerk, United States District Court prior to your release from custody.
- (X)    (o)    obtain no passport during the pendency of this case.
- (X)    (p)    report in person to the Pretrial Services Agency on the first working day following your release from custody.
- ( )    (q)    submit to drug and/or alcohol testing as directed by PSO.
- ( )    (r)    report any prescriptions to PSO within 48 hours of receipt.
- ( )    (s)    participate in the _____ component of the remote location monitoring program and abide by all the requirements of the program which will include electronic monitoring or other location verification monitoring system. The defendant shall pay all or part of the costs of the program based upon your ability to pay as determined by the Pretrial Services Officer.
  - **Curfew.** You are restricted to your residence every day from _____ to _____, or as directed by the Pretrial Services Officer.
  - **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Pretrial Services office or supervising officer.
  - **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the Pretrial Services office or supervision officer.

(Copies to: Defendant, US Attorney, US Marshal, Pretrial Services)

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

    YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTION:

    Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC §3148, and a prosecution for contempt as provided in 18 USC §401 which could result in a possible term of imprisonment and/or a fine.

    The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than ninety days or more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

    18 USC §1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC §1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 USC §1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC §1513 makes it a criminal offense punishable by up to ten years in jail and a $250,00 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

    It is a criminal offense under 18 USC §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for;

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not ore than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

## DIRECTIONS TO UNITED STATES MARSHAL

(X)    The defendant is ORDERED released after processing.
( )    The United States Marshal is ORDERED to keep the defendant in custody until notified by the Clerk of Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate Judicial Officer at the time and place specified, if still in custody.

DATE: 6-22-10

_____
Gary S. Austin, U.S. Magistrate Judge

COPY:    DEFENDANT    U.S. ATTORNEY    U.S. MARSHAL    PRETRIAL SERVICE