# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff**<br><br>v.<br><br>**ERIC RAY HERNANDEZ,**<br><br>**Defendant** | **CASE NO. 1:10-CR-249 AWI**<br><br>**ORDER ON MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 402) |

On September 22, 2020, Defendant Eric Ray Hernandez through counsel filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Defendant seeks compassionate release on the basis of his health conditions, the conditions in prison, and the Covid 19 pandemic. For the reasons that follow, Defendant's motion will be denied.

## PROCEDURAL HISTORY

On June 10, 2013, Defendant pled guilty pursuant to a plea agreement to one count of 18 U.S.C. § 1349, conspiracy to commit mail fraud, wire fraud, and bank fraud. See Doc. Nos. 171 (plea bargain), 175.

On September 16, 2013, Defendant was sentenced to 130 months in prison, 36 months of supervised release, a $100 assessment, and joint and several restitution of $6,087,541.00. See Doc. No. 210. Judgment and commitment were entered on September 24, 2013. See Doc. No. 212. At the time of his sentencing, Defendant was 37 years old. Through extensions, Defendant was ordered to surrender for imprisonment on January 29, 2014. See Doc. No. 228. Defendant is currently house at USP Lompoc.

Defendant has served approximately 76 months of his sentence. Defendant has an anticipated release date of April 14, 2023 but, after completion of an eight-month 500 RDAP program (which has been delayed indefinitely due to Covid 19), he could be released to a half-way house.

On April 16, 2020, Defendant submitted a request for compassionate release to the Warden of USP Lompoc.

On April 24, 2020, the Warden of Lompoc received Defendant's request. See Doc. No. 397-1 at Ex. 2.

On May 4, 2020, the Warden denied Defendant's request.

On May 15, 2020, Defendant filed his first motion for compassionate release under § 3582(c)(1)(A). See Doc. No. 395. The arguments raised in the first motion are similar to the arguments made in this second motion. Cf. id. with Doc. No. 402.

On May 27, 2020, the Court denied the first motion for compassionate release. See Doc. No. 401. The Court denied the motion for two reasons. See id. The Court found that Defendant had not adequately exhausted his administrative remedies because less than 30 days had lapsed from the date that he had submitted a request for release to the warden of Lompoc. The Court also found that Defendant had not shown that his asthma was sufficiently severe to place him at a materially increased risk for severe illness from Covid 19. See id.

On September 22, 2020, Defendant filed this second motion for compassionate release. See Doc. No. 402.

## **DEFENDANT'S MOTION**

*Defendant's Argument*

Defendant argues that he is at a high risk of serious illness or death if he contracts Covid 19 because of two medical conditions. First, Defendant argues that he is considered obese because his body mass index is 31.2 (he is 5' 9" and weighs 193.2 lbs.). Second, Defendant explains that he has been diagnosed with asthma and he recently (July 2, 2020) complained of more frequent asthma symptoms, as reflected in his medical records.

Defendant also argues that there is no room for social distancing and taking appropriate protective measures against Covid 19 is nearly impossible. The conditions in prison create an ideal environment for the transmission of Covid 19. The BOP has had 12,660 prisoners and 1,608 staff contract Covid 19, and 118 inmates have died. Further, the response by the Lompoc prison has been grossly inadequate. It is the subject of two class action lawsuits. FCC Lompoc also has the third highest amount of confirmed positive cases of Covid 19 in Santa Barbara County. FCC Lompoc has a total of 168 inmates who tested positive for Covid 19, which resulted in 2 deaths.

Defendant also states that the relevant 28 U.S.C. § 3553 factors weigh in his favor. Because he does not pose a threat to the community, Defendant argues compassionate release is proper.

Finally, Defendant states that the statutory exhaustion requirements have now been fulfilled, and the Court has authority to consider and grant this motion.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," "defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595.

*Discussion*

After review, the Court will deny the motion for two reasons.

The Third and Sixth Circuits have found that the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19.  Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.").  The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court."  Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019).  Consistent with *Gallo Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived.  E.g. United States v. Howard, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.).  The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure.  See Gallo Cattle, 159 F.3d at 1197; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS 113628 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

There is a significant split among the district courts of this country regarding the proper interpretation of the "lapse of 30 days" language of § 3582(c)(1)(A).  See United States v. Falaaga,

4

2020 U.S. Dist. LEXIS 159479, *6-*7 (E.D. Cal. Sept. 1, 2020) (and cases cited therein).  This Court has adopted the interpretation of § 3582(c)(1)(A) that views the "lapse of 30 days" language as creating a limited futility exception.  See id.; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *7-10 (agreeing with the reasoning of *Seng* and similar cases); United States v. Risley, 2020 U.S. Dist. LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020) (same).  Under this view, if there is no response within 30 days of submission of a request for compassionate release, a defendant at that point may proceed to court without further administrative action, but, if there is a timely response, the 30 day lapse language has no application and the defendant must follow the otherwise applicable administrative procedures and appeal the denial.  See id.

Here, it is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A).  See Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10; United States v. Addison, 2020 U.S. Dist. LEXIS 143518, *4 (E.D. La. Aug. 11, 2020); United States v. Van Sickle, 2020 U.S. Dist. LEXIS 80854, *9 (W.D. Wash. May 7, 2020) (and cases cited therein).  Defendant has received a denial of his request for compassionate release from the Warden of the Lompoc prison.  The denial was made within 30 days of receipt of the request.  See Doc. No. 195-3 at Ex. C.  Because of that denial, Defendant was obligated to continue appealing the denial through the appropriate administrative channels.  There is no clarification or explanation that Defendant actually continued to appeal, rather, Defendant merely quotes the relevant exhaustion language from § 3582(c)(1)(A) and says he has now met those requirements.  Considering that the Court's prior denial was based on the absence of a passage of 30 days,[1] it seems more likely than not that Defendant is asserting that exhaustion occurred because more than 30 have lapsed since the warden received the request.  Without additional information, the Court cannot determine whether exhaustion has occurred and thus, whether jurisdiction exists.  Therefore, Defendant has not met his burden, and the Court must deny his motion for want of jurisdiction.  See Gallo Cattle, 159 F.3d at 1197; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10-*11; Greenlove, 2020 U.S. Dist. LEXIS 114624 at *15-*16; Smith, 2020 U.S. Dist. LEXIS 113423 at *16;  Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

---

[1] The Court found an exhaustion problem based largely on the arguments of the United States.  See Doc. No. 401.  The Court had not yet explored the split in authority regarding § 3582(c)(1)(A)'s "lapse of 30 days" language when it ruled on Defendant's first motion.

Second, even if the Court assumes that Defendant has appealed the warden's denial and fully exhausted his administrative remedies, the Court would continue to deny the motion. The Court agrees that Defendant has asthma, but Defendant has again failed to demonstrate that he has "moderate to severe" asthma. While there are some new medical records pertaining to Defendant's asthma, Defendant has not demonstrated a diagnosis of "moderate to severe asthma" has been made or cited to relevant criteria that would support a diagnosis of "moderate to severe asthma." In any event, having asthma that is at least "moderate to severe" does not put a person at risk of severe illness from Covid 19. Rather, those with moderate to severe asthma "may be at risk of getting sick from Covid 19."[2] Therefore, Defendant's asthma alone does not support Defendant's motion.

Defendant has demonstrated that he is obese under the relevant CDC standards because his body mass index is greater than 30.[3] The CDC recognizes that "obese" individuals are at risk for severe illness from Covid 19.[4] Therefore, the Court agrees that Defendant is at an increased risk of severe illness from Covid 19 due to his obesity.

However, at USP Lompoc (where Defendant is housed), there are currently no inmates and three staff members with active Covid 19; the same numbers apply to FCC Lompoc.[5] This is a small outbreak at USP Lompoc and it has not spread to the inmate population. There is nothing in Defendant's motion to suggest that Lompoc has not taken appropriate steps to limit the possible spread of Covid 19 from the staff members. It is true that Lompoc was previously a hotspot for Covid 19 among the inmate population. However, that is not the case today. Courts have recognized that Lompoc prison has implemented sufficient protocols such that it is now able to adequately respond, monitor, and care for its inmates. See Risley, 2020 U.S. Dist. LEXIS 148078 at *16-*17 (and cases cited therein). Therefore, while Defendant's obesity puts him at risk for

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (visited on September 23, 2020).

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity

[4] Id.

[5] https://www.bop.gov/coronavirus/#:~:text=COVID%2D19%20Cases,14%2C211%20in%20community%2Dbased%20facilities.&text=Currently%2C%2011%2C976%20inmates%20and%201%2C084,attributed%20to%20COVID%2D19%20disease.

severe illness from Covid 19, the Court cannot conclude that the current conditions that exist at USP Lompoc constitute extraordinary circumstances that justify compassionate release.

In sum, because Defendant has not met his burden of demonstrating either adequate administrative exhaustion (a jurisdictional problem) or that Defendant is currently facing extraordinary circumstances (a substantive problem), the Court must deny Defendant's motion for compassionate release without prejudice.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 402) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 23, 2020

SENIOR DISTRICT JUDGE